**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JEAN EMMANUEL RODRIGUEZ, | Civil Action Nos. |
| Plaintiff, | 19-13918 (RBK) (KMW) |
| v. | 19-14554 (RBK) (JS) |
| RODNEY CUNNINGHAM, et al., | 19-16512(RBK) (AMD) |
| Defendants. | 19-16761 (RBK) |
| JEAN EMMANUEL RODRIGUEZ, | **OPINION** |
| Plaintiff, | |
| v. | |
| THE STATE OF NEW JERSEY, et al., | |
| Defendants. | |
| JEAN EMMANUEL RODRIGUEZ, | |
| Plaintiff, | |
| v. | |
| THE STATE OF NEW JERSEY, et al., | |
| Defendants. | |
| JEAN EMMANUEL RODRIGUEZ, | |
| Plaintiff, | |
| v. | |
| ATLANTIC COUNTY JUSTICE FACILITY, et al., | |
| Defendants. | |

Plaintiff is presently confined at the Atlantic County Justice Facility, in Mays Landing, New Jersey, and filed each of the following actions from that facility.[1] He seeks or sought to bring the following civil actions, case numbers 19-13918, 19-14554, 19-16512, and 19-16761 *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995 ("PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

The Court had previously granted Plaintiff's *in forma pauperis* applications in case numbers 19-13918 and 19-14554, and Plaintiff has two pending applications to proceed *in forma pauperis* in case numbers 19-16512 and 19-16761. In civil action 19-16761, Plaintiff contends that jail officials refused to provide him with a certified account statement. At this time, the Court would typically consider the pending *in forma pauperis* applications and give Plaintiff an opportunity in civil action 19-16761, to set forth in an affidavit the circumstances in which officials refused to provide him with a certified trust account statement. *Ross v. Mercer Cty. Correction Ctr.*, No. 08-5763, 2009 WL 559798, at *1 (D.N.J. Mar. 3, 2009).

For the reasons that follow, however, the Court will revoke Plaintiff's *in forma pauperis* status in case numbers 19-13918 and 19-14554 and will not provide Plaintiff with any further opportunity to proceed *in forma pauperis* in any of these cases. The PLRA prohibits a prisoner from bringing a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

---

[1] Plaintiff appears to list his home address in some of these filings, but the envelopes accompanying each complaint bears information indicating that he mailed the complaints from the jail.

States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Thus, if a prisoner has three or more dismissals under 28 U.S.C. § 1915(e), he cannot proceed unless he is in imminent danger of serious physical injury at the time he files the complaint. *See Goodson v. Kardashian*, 413 F. App'x 417, 419 n.2 (3d Cir. 2011) (per curiam) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)).

As the Honorable Renée M. Bumb, U.S.D.J., held in an Opinion denying Plaintiff *in forma pauperis* status in a previous matter:

> Plaintiff appears to have at least four strikes under this provision. Plaintiff acquired the[se] strikes in the following cases: *Rodriguez v. Sandson et al.*, [Docket No. 13-7055 (RMB)] (D.N.J. Dec. 12, 2013) (ECF Nos. 2 and 3) (dismissing case with prejudice based on immunity and failure to state a claim); *Rodriguez v. Sandson et al.*,[Docket No. 13-7056 (RMB)] (D.N.J. Dec. 12, 2013) (ECF Nos. 2 and 3) (dismissing case with prejudice based on immunity and failure to state a claim); *Rodriguez v. Morse et al.*, [Docket No. 13-7057 (RMB)] (D.N.J. Dec. 12, 2013) (dismissing case with prejudice based on statute of limitations, immunity, and failure to state a claim); and *Rodriguez v. DeLury et al.*, [Docket No. 13-7058] (dismissing case with prejudice based on immunity). In each of these cases, the time period for appeal has expired.

*Rodriguez v. State of New Jersey*, Docket No. 15-6708, at ECF No. 2 (D.N.J. Sept. 30, 2015).

Accordingly, Plaintiff is a litigant with at least three strikes under § 1915(g). Thus, § 1915(g) precludes him from proceeding *in forma pauperis* in these four cases, unless he alleges facts to show that he is in imminent danger of serious physical injury.

The Court has reviewed the complaints in each of these cases and finds that they do not allege that Plaintiff is in imminent danger of serious physical injury. Generally speaking, Plaintiff sues a plethora of state and county entities and their employees for conspiring to illegally confine

him on more than one occasion. Plaintiff also raises a litany of claims regarding the conditions at the jail, such as the low quality of food, dirty ventilation, and inflated prices at the commissary.

Consequently, because the complaints do not contain allegations suggesting that Plaintiff is in imminent danger of serious physical injury, the § 1915(g) restrictions apply to each case. Thus, the Court will revoke Plaintiff's *in forma pauperis* status in case numbers 19-13918 and 19-14554 and will not permit Plaintiff to proceed *in forma pauperis* in these four cases.

The Court will direct the Clerk to administratively terminate these cases. Plaintiff shall have an opportunity to reopen these actions by paying the $400.00 filing and administrative fees in each case, within thirty days.

Dated: October  16th , 2019

 s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge